```
Image ID:                                             Doc. No.   612261
D00612261D02
```

                    IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
                    575 S. 10th Street - 3rd Floor
                    SEPARATE JUVENILE COURT-4th Floor
                    Lincoln                  NE 68508


Bailey Dohrman v. Convergent Outsourcing, Inc
                                                                Case ID: CI 21     190


TO:   Convergent Outsourcing, Inc


You have been sued by the following plaintiff(s):

    Bailey Dohrman




Plaintiff's Attorney:       Tregg R Lunn
Address:                    830 L St, Suite 200
                            Lincoln, NE 68508-2205

Telephone:                  (402) 730-7021

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:   JANUARY 15, 2021       BY THE COURT:   _____
                                                    Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Convergent Outsourcing, Inc
        5601 South 59th Street, Suite C
        Lincoln, NE 68516

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.


**EXHIBIT 1**

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| Bailey Dohrman,<br><br>                    Plaintiff,<br><br>vs.<br><br>Convergent Outsourcing, Inc. and Sequium Asset Solutions, LLC,<br><br>                    Defendants. | Case Number: CI 20-190 |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Nebraska.

2. Defendant Sequium Asset Solutions, Inc. is a Georgia Corporation.

3. At all times relevant hereto, Defendant Sequium Asset Solutions, Inc. was and is engaged in the business of collecting consumer debts in Nebraska.

4. Defendant Convergent Outsourcing, Inc. is a Washington Corporation.

5. At all times relevant hereto, Defendant Convergent Outsourcing, Inc. was and is engaged in the business of collecting consumer debts in Nebraska.

6. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

7. On January 21, 2020, Defendant Sequium Asset Solutions, Inc. sent a letter to Plaintiff.

8. The pertinent part of the letter stated made demand on an amount due to Verizon Wireless in an amount of $324.84 that had previously been discharged in bankruptcy.

9. On February 25, 2020, Plaintiff, through counsel, notified Defendant Sequium Asset Solutions, Inc. notified Defendant Sequium Asset Solutions, Inc. that the alleged debt was discharged in a Chapter 7 case number 19-41068 in the District of Nebraska on October 21, 2019.

10. On March 13, 2020, Defendant Convergent Outsourcing, Inc. sent a letter to Plaintiff.

11. The pertinent part of the letter stated made demand on an amount due to Verizon Wireless in an amount of $324.84 that had previously been discharged in bankruptcy.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Bailey Dohrman, and as for Count I against Defendant Convergent Outsourcing, Inc. and , states and alleges as follows:

12. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

13. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

14. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

15. The principal purpose of Defendant Convergent Outsourcing, Inc. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

16. Defendant Convergent Outsourcing, Inc. is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

17. The Defendant Convergent Outsourcing, Inc. was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

18. The standard in determining whether the Defendant Convergent Outsourcing, Inc. violated the FDCPA is the unsophisticated consumer standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

19. 15 U.S.C. § 1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or

3

legal status of any debt (15 U.S.C. § 1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. § 1692e(5)); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. § 1692e(10)).

21. 5 U.S.C. §1692f entitled unfair practices states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

22. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1)).

23. Defendant Convergent Outsourcing, Inc.'s acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the above violations of the stated Act, the Defendant Convergent Outsourcing, Inc. is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Convergent Outsourcing, Inc. for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Bailey Dohrman, and as for Count I against Defendant Sequium Asset Solutions, Inc. and , states and alleges as follows:

25. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

26. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

27. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

28. The principal purpose of Defendant Sequium Asset Solutions, Inc. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

29. Defendant Sequium Asset Solutions, Inc. is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

30. The Defendant Sequium Asset Solutions, Inc. was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

5

insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

31. The standard in determining whether the Defendant Sequium Asset Solutions, Inc. violated the FDCPA is the unsophisticated consumer standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

32. 15 U.S.C. § 1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt (15 U.S.C. § 1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. § 1692e(5)); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. § 1692e(10)).

34. 5 U.S.C. §1692f entitled unfair practices states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

35. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1)).

36. Defendant Sequium Asset Solutions, Inc.'s acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the above violations of the stated Act, the Defendant Sequium Asset Solutions, Inc. is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Sequium Asset Solutions, Inc. for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

/s/ Tregg Lunn
Tregg Lunn NSBA #22999
Law Office of Tregg Lunn
Attorney for Plaintiff
830 L Street, Suite 200
Lincoln, NE 68508
(402) 730-7021
tregg@tregglunnlaw.com

### Demand for Jury Trial

Plaintiff demands a jury on all issues so triable.

/s/ Tregg Lunn
Tregg Lunn NSBA #22999